# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JEREMY PINSON,                  Case No. 18-CV-3420 (NEB/KMM)

        Plaintiff,

v.                                                 **ORDER**

FNU HADAWAY, FNU JORDAN,
FEDERAL BUREAU OF PRISONS,
and UNITED STATES OF AMERICA,

        Defendant.

---

This matter is before the Court on Plaintiff Jeremy Pinson's Motion for Leave to Proceed Without Initial Partial Filing Fee, ECF No. 7 (Motion). For the following reasons, the Court denies the Motion and orders Ms. Pinson to pay the initial partial filing fee within 60 days.[1]

Ms. Pinson did not pay the filing fee for this case, but instead filed an Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. 2 (IFP Application). In an order dated January 22, 2019, the Court determined that Ms. Pinson has "'on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" Order 1–2, ECF No. 4 (quoting 28 U.S.C. § 1915(g) (January 2019 Order)). Under 28 U.S.C. § 1915(g), such individuals may not proceed in forma

---

[1] Plaintiff's name in this case's caption is Jeremy Pinson, but the complaint (1) indicates that Ms. Pinson is a transgender woman, and (2) refers to Plaintiff using feminine pronouns. *See* Civil Rights Compl. by a Prisoner 7–9, ECF No. 1 (Complaint). The Court will therefore refer to Plaintiff with feminine pronouns and titles throughout.

pauperis. The Court thus denied the IFP Application and ordered Ms. Pinson to pay the full filing fee within 30 days. *See id.* at 2.

Ms. Pinson filed a Motion for Reconsideration, ECF No. 5, asking this Court to review the January 2019 Order. She argued that her complaint's allegations qualified her for § 1915(g)'s exception for prisoners "under imminent danger of serious physical injury." *Id.* at 1; *cf.* Compl. 8–9 (presenting harm-related allegations). The Court agreed that Ms. Pinson qualified for the imminent-danger exception, vacated the January 2019 Order, and considered the IFP Application in light of § 1915(b). Order 4–6, ECF No. 6 (February 2019 Order). Applying § 1915(b), the Court determined that Ms. Pinson needed to pay an initial partial filing fee of $2.33 before this action could proceed. *See id.* at 5.

In response, Ms. Pinson has filed the present Motion. She contends that she should be able to proceed without paying the initial partial filing fee because she has "no assets and no means by which to pay" it. 28 U.S.C. § 1915(b)(4); *see also* Mot. 1 (citing § 1915(b)(4)). She submits a form that purports to show her commissary-account transactions; this shows a current available balance of $0.00. *See* Federal Bureau of Prisons, TRULINCS Account Transactions—Commissary, *included within* ECF No. 7-1. Based on this, Ms. Pinson asserts that her "available balance is less than the assessed partial filing fee," and that as a result, rather than her being required to pay the initial partial filing fee, "the BOP [should] be directed to collect the initial partial filing fee as soon as the funds exist in the account to pay such, and that the court's screening and service process [should] continue." Mot. 1.

The Court disagrees. The fact that Ms. Pinson's available balance is less than the initial partial filing fee of $2.33 is not dispositive. Illustrative here is a discussion from *Maddox v. Chisago County Sheriff Office* distinguishing between "assets" and "means" in § 1915(b)(4):

> The Court notes that [the plaintiff] has previously argued (and appears to continue to argue) that, because he has spent all of the money in his trust account, he has rendered himself unable to pay *any* initial fee and therefore should be excused from having to do so under § 1915(b)(4) . . . . As

2

> the Court has previously held, however, the fact that [the plaintiff] currently lacks the *assets* to pay his initial partial fee is not sufficient to demonstrate that he lacks the *means* to pay that fee. *See Newlin v. Helman,* 123 F.3d 429, 435 (7th Cir.1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) *and Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) ("Section 1915(b)(4) comes into play only when 'the prisoner has no assets *and no means* by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'")[.] If it were, then prisoners could easily evade the strictures of the Prison Litigation Reform Act by spending their money as soon as they receive it. *See Newlin,* 123 F.3d at 435 ("It is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee.").

No. 10-CV-2133 (PJS/JJG), 2010 WL 3119393, at *1 (D. Minn. Aug. 5, 2010).

As this Court noted in its previous Order, the trust-account statement provided by Ms. Pinson shows that her average monthly deposits for the six-month period from mid-June 2018 through mid-December 2018 was $11.67. As a result, whether or not Ms. Pinson currently has assets by which to pay the initial partial filing fee, she appears to have the means to do so, so the § 1915(b)(4) exception does not apply.

The cases that the Motion cites do not persuade. In *Childs v. Oritz*, the U.S. Court of Appeals for the Tenth Circuit affirmed a district court's dismissal (without prejudice) of a prisoner's civil-rights action. 259 F. App'x 139, 140 (10th Cir. 2007). In relevant part, the plaintiff had argued that because he qualified for the § 1915(b)(4) exception, the dismissal had been an abuse of discretion. *See id.* at 141. In that case, however, the district court initially determined that the prisoner qualified for the exception and allowed the litigation to proceed without payment of the initial partial filing fee. *See id.* at 140. But the court also required the prisoner to make monthly payments each month toward the filing fee or to show cause each month "why he had no assets and no means to pay the fee." *Id.* After the prisoner consistently failed both to make monthly payments and to show that he lacked both assets and means,

3

the district court eventually dismissed the action. *Id.* at 141. Ms. Pinson's situation plainly differs from that presented in *Childs*—most critically, evidence she has submitted indicates that she does *not* qualify for the § 1915(b)(4) exception in the first place.

In *Moore v. Bachmeier*, the U.S. District Court for the District of North Dakota suggested that § 1915(b)(4)'s wording implies that a prisoner's failure to pay the initial partial filing fee cannot justify dismissal of an action. 315 F. Supp. 2d 1029, 1032 (D.N.D. 2004) ("28 U.S.C. § 1915(b)(4) provides that 'in no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.' *Thus*, the failure to pay a filing fee does not constitute grounds for dismissal of a prisoner's action.") (emphasis added). The issue in this case, in contrast, is not dismissal but commencement of the case.

In summary, the Court concludes that Ms. Pinson has the means to pay an initial partial filing fee of $2.33. This action will go forward once Ms. Pinson pays that fee. As the Court noted before, if Ms. Pinson elects to pursue this action through payment of the $2.33 initial partial filing fee, the entirety of the remaining balance of the $350.00 statutory filing fee will have to be paid in later installments.[2] Prison officials will be ordered to deduct funds from Ms. Pinson's trust account and submit such funds to the Court, as provided by § 1915(b)(2), regardless of whether Ms. Pinson succeeds in this action. If Ms. Pinson does not pay her initial partial filing fee within 60 days of the date of this order, she will be required to show cause why the case should not be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

---

[2] The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On May 1, 2013, the district courts began to assess an additional $50.00 administrative fee, raising the total fee to $400.00. The PLRA, however, applies only to the statutory filing fee. Thus, Ms. Pinson will be required to pay the unpaid balance of the $350.00 statutory filing fee—not the $400.00 total fee—in installments pursuant to § 1915(b)(2).

4

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT: Plaintiff Jeremy Pinson must pay an initial partial filing fee of at least $2.33 within 60 days of the date of this order.

Dated: May 2, 2019                         _/s/ *Katherine M. Menendez*_____
                                           Katherine M. Menendez
                                           United States Magistrate Judge