UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JEREMY PINSON, | Case No. 18-CV-3420 (NEB/KMM) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| FNU HADAWAY, FNU JORDAN, FEDERAL BUREAU OF PRISONS, UNITED STATES OF AMERICA, | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion to Dismiss (ECF No. 30), and Plaintiff Jeremy (Grace) Pinson's Motion for Preliminary Injunction (ECF No. 65) and Motion to Amend the Complaint (ECF No. 51). In a Report and Recommendation dated July 13, 2020 (ECF No. 82 ("R&R")), United States Magistrate Judge Katherine M. Menendez recommended dismissing Pinson's claims without prejudice, denying Pinson's request for injunctive relief, and denying her motion to amend on the basis that such amendment would be futile. Pinson objected to the R&R (ECF No. 83 ("Pl.'s Obj.")) and Defendants filed a response to those objections. (ECF No. 88.) For the reasons set forth below, the Court overrules Pinson's objections and accepts the R&R.

1

BACKGROUND

The events of which Pinson complains arose when she was incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). In February 2018, Pinson was transferred to the United States Penitentiary in Tucson, Arizona. Pinson is a transgender woman and has lived as such since at least 2014. (R&R at 1.) Her *pro se* Complaint (ECF. No. 1) alleges that, while incarcerated at FMC-Rochester, Defendants Hadaway and Jordan, physicians at the facility, "indicated to plaintiff that they intended to cause the discontinuation of her hormone therapy and antianxiety medications" and that they did so. (Compl. at 9.) She also alleges that Dr. Hadaway and others denied her request for sex-reassignment surgery. (*Id.*) As a result, Pinson claims to have attempted suicide; she further alleges she was hospitalized for chest pain. (*Id.*)

The Complaint outlines three causes of action: Count I alleges a violation of the Eighth Amendment (*id.* at 3); Count II claims a violation of the First Amendment (*id.* at 4); and Count III asserts a violation of the Federal Tort Claims Act ("FTCA") as well as malpractice and negligence under Minnesota law (*id.* at 5). Pinson seeks unspecified compensatory and punitive damages, and an "injunction compelling sex reassignment surgery, hormone therapy, psychotherapy, electrolysis, access to electric razor, makeup products, female clothing, housing in female institution and monitoring." (*Id.* at 6.)

As required, Judge Menendez liberally construed Pinson's pleadings.[1] Because Defendants submitted Pinson's medical records as well as evidence regarding her administrative complaints, Pinson's claims are evaluated under both Rule 12(b) and Rule 56. Judge Menendez determines that Pinson failed to establish that she had exhausted her administrative remedies for purposes of her FTCA claim, and that her constitutional claims were not cognizable. Judge Menendez further recommends denying Pinson's requested injunctive relief and denying her request to amend her Complaint because such amendment would be futile.

The Court reviews *de novo* those portions of the R&R to which objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* D. Minn. L.R. 72.2(b)(3).

## ANALYSIS

Defendants seek dismissal of Pinson's Complaint under Rule 12(b)(6) or summary judgment pursuant to Rule 56.

---

[1] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (noting that a *pro se* complaint is to be held to "less stringent standards than formal pleadings drafted by lawyers") (quotation omitted). Although Pinson is proceeding *pro se*, she is no stranger to litigation. She claims to have filed more than 150 lawsuits during her period of incarceration. (Compl. at 2.) She filed only two of those lawsuits in this District; both were dismissed in favor of the defendants. *Pinson v. Lundy*, No. 18-CV-1663 (NEB/DTS); *Pinson v. Warden*, No. 17-CV-3790 (PJS/SER).

## I.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss a complaint for failure to state a claim upon which relief can be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When reviewing a Rule 12(b)(6) motion to dismiss, a court must "tak[e] all facts alleged in the complaint as true, and mak[e] reasonable inferences in favor of the nonmoving party." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014). Although the factual allegations need not be detailed, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "is not limited to the allegations in the complaint, but may also consider materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Smithrud*, 746 F.3d at 397 (internal quotation marks omitted). Indeed, when considering a challenge to the Court's subject-matter jurisdiction, the Court may look beyond the pleadings to satisfy itself that jurisdiction exists. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "[P]ro se complaints are to be construed liberally," but "must allege sufficient facts to support the claims advanced." *Stringer v. St. James R–1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quotation omitted).

Because Defendants submitted evidence to rebut some of Pinson's claims, Judge Menendez first determines that Pinson had sufficient notice under Rule 12(d) that Defendants sought summary judgment, (R&R at 6–7), then evaluates the claims pursuant to Rule 56 (*id.* at 7). Rule 56 provides for judgment when there is "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A genuine dispute is one that would cause a reasonable jury to find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II.   FTCA and Motion to Amend

Pinson does not dispute the principle that her FTCA claim is subject to dismissal for lack of jurisdiction if she did not make an administrative claim to the Bureau of Prisons before filing this lawsuit. Nor does Pinson object to the R&R's conclusion that she did not administratively exhaust the medical-malpractice claims in her Complaint. Her only objection is that she exhausted her FTCA claim against Officer Sprenger, who is not a Defendant in the original Complaint, but is named as such in the proposed Amended Complaint. (Pl.'s Obj. at 2; *see* ECF No. 51-1 ("Proposed Am. Compl.").) She further objects to the R&R's recommendation that the Court deny her permission to file the Amended Complaint. (Pl. Obj. at 4.)

Although courts should freely give leave to amend a pleading "when justice so requires," Fed. R. Civ. P. 15(a)(2), "there is no absolute right to amend." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). The Court will deny as futile a motion to amend

5

if the amended pleading cannot survive a motion to dismiss under the standards discussed above. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

Pinson's proposed amended pleading adds four new Defendants, including the former United States Attorney General, a physician at a prison in Pennsylvania, the former director of the Bureau of Prisons, and Officer Sprenger, a corrections officer at FMC-Rochester. (Proposed Am. Compl. at 1.) The pleading asserts that Defendant Sprenger ignored Pinson's request to see a counselor because she was suicidal, and that he gave her a razor with which to shave. (*Id.* at 4.) She instead used the razor to attempt suicide and as a result, she required hospitalization. (*Id.*)

The R&R finds that Pinson failed to allege that she exhausted her administrative remedies with respect to her claim against Defendant Sprenger, and thus recommended denial of her request to amend. (R&R at 20.) Pinson objects, attaching a copy of an administrative claim she filed against Sprenger in 2018. (Pl.'s Obj. at 2 & Ex. A.) Her 2018 claim does not assist her in her exhaustion argument. The FTCA provides that any lawsuit must be brought within six months of the final denial of an administrative claim. 28 U.S.C. § 2401(b). The record reflects that the Bureau of Prisons denied Pinson's claim on March 8, 2018. (ECF No. 35–21.) Her attempt to raise this claim in a request to amend filed in January 2020 (ECF No. 51) is therefore untimely. This means both that her motion

6

to amend her Complaint is futile and that her objections to the R&R's resolution of her FTCA claim against Defendant Sprengler are without merit.

Pinson also objects to the R&R's conclusion that she did not exhaust her administrative remedies with respect to sex-reassignment surgery. (Pl.'s Obj. at 2–3.) Judge Menendez notes that Pinson herself stated that, while she had submitted an informal request for the surgery, "the intention was to hold off on submitting the Request until February 20, 2018." (R&R at 13.) By that date, however, Pinson had been transferred to another institution, rendering her request to FMC-Rochester moot. (*See id.*) Pinson argues that staff, not Pinson, made the decision not to submit her request for surgery, and thus that the R&R errs in finding that she failed to exhaust her remedies. (Pl.'s Obj. at 3.) But because she was transferred before the facility could address her request for surgery, her FTCA claim regarding that request fails.

Pinson did not object to the R&R's determination that she failed to exhaust her FTCA claim regarding the alleged discontinuation of medications, and she has thus waived *de novo* review of this issue. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009) (finding that court reviews for plain error any portions of an R&R to which there is no objection). Nor does she object to the conclusion that she had failed to state a claim against the new Defendants other than Sprengler, making her proposed amendment

7

futile as to them as well. The Court finds no error, plain or otherwise, in the R&R on these points. Pinson's FTCA claim is dismissed and her Motion to Amend is denied.

### III.  Eighth Amendment Claim

The R&R notes that Pinson's claim of deliberate indifference to medical needs under the Eighth Amendment alleged that Defendants were deliberately indifferent to her mental health needs, to her need for hormone therapy, and to her need for sex-reassignment surgery. (R&R at 17.) Judge Menendez finds that these claims failed because Pinson failed to allege any Defendant's specific involvement in the claimed violation and because Pinson's medical records contradicted her allegations. (*Id.* at 17–18.) Pinson does not specifically object to the R&R's resolution of her Eighth Amendment claim. Instead, she argues generally that the R&R errs in crediting Defendants' evidence over her own affidavit. (*See* Pl.'s Obj. at 1, 2.) The Court need not reach Pinson's objection about crediting the Defendants' evidence because the Eighth Amendment claim is properly dismissed for failure to state a claim against the Defendants. (R&R at 17.)

### IV.  First Amendment

Pinson contends that Defendants retaliated against her for complaining about her treatment in violation of the First Amendment. (*See* Compl. at 4.) Judge Menendez determines that this claim was not cognizable under recent Supreme Court authority. (*See* R&R at 13–14 (discussing restrictions on *Bivens* actions after *Ziglar v. Abbassi*, 137 S. Ct. 1843 (2017)).) Pinson's Objections do not address the issue of retaliation. Even if she had

specifically objected, however, the R&R's determination of this issue is correct, and Pinson's First Amendment retaliation claim must be dismissed.

### V. Motion for Preliminary Injunction

Judge Menendez recommends denying Pinson's Motion for Preliminary Injunction. (R&R at 20.) Pinson did not object to this recommendation. Given the Court's conclusion that all of Pinson's claims fail, she has not established that any relief, injunctive or otherwise, is warranted.

### CONCLUSION

Based on the foregoing, and on all the files, records, and proceedings herein, the Court OVERRULES Pinson's Objections (ECF No. 83) and ACCEPTS the R&R (ECF No. 82) to the extent set forth above. IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss or for Summary Judgment (ECF No. 30) is GRANTED;

2. Plaintiff's Motion for Preliminary Injunction (ECF No. 65) is DENIED; and

3. Plaintiff's Motion to Amend (ECF No. 51) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 16, 2020                BY THE COURT:

                                         s/Nancy E. Brasel
                                         Nancy E. Brasel
                                         United States District Judge

9